**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        ehorne@bursor.com
        jglatt@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY ANN VICENTE, individually and on behalf of all others similarly situated, | Case No. 3:24-cv-02797-VC |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| CAKES BODY LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Lily Ann Vicente ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Cakes Body, LLC ("Defendant").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself which are based on personal knowledge.

## NATURE OF THE ACTION

1.     Plaintiff brings this class action lawsuit on behalf of herself and all similarly situated consumers ("Members of the Classes") who purchased Cakes Body's Cakes Covers (the "Product").

2.     Cakes Covers are marketed as "washable and reusable"[1] nipple covers made from "100% medical-grade silicone"[2] which Defendant warrants will "adhere to your body using your natural body heat."[3]

3.     Defendant markets its Product as "grippy, not sticky" and differentiates its Product from "[o]ther store's nipple covers [which] use harsh, irritating adhesive to make their product stick."[4]

4.     But, despite Defendant's tagline, when applied directly to breasts as directed, the Product may not be sticky with adhesive, but it is not "grippy," either.  That is, it does not adhere as represented.  Accordingly, Plaintiff brings claims against Defendant individually and on behalf of Classes of similarly situated consumers for (1) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq*; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*; (3) violation of California's False Advertising Law, Cal. Bus. & Code § 17500, *et seq;* and (4) Breach of Express Warranty.

## PARTIES

5.     Plaintiff Lily Ann Vicente is a California citizen and a resident of Brentwood, California.  In December 2023, Plaintiff purchased a Cakes Cover while residing in her previous

---

[1] Cakes Body, *Home*, *available* https://cakesbody.com/ (last visited July 10, 2024).

[2] *Id.*

[3] *Id.*

[4] Cakes Body, *About*, *available* https://cakesbody.com/pages/about (last visited July 10, 2024).

residence in San Francisco, California.  Plaintiff purchased Defendant's Size OG in the color "Honey" from Defendant's website, cakesbody.com.  Prior to her purchase, Plaintiff Vicente viewed and relied on Defendant's representations and warranties that the Product was a "grippy, not sticky" nipple cover from Defendant's website as well as from advertising on Instagram and Facebook which showed images of the Product gripping to a model's arm like the ads shown in paragraph 15 below.  Plaintiff reasonably understood these representations and warranties to mean that the Product was reliably able to grip to her chest if they were shown to reliably grip to a consumer's arm and were advertised as being "grippy."  However, when she used the Product, it did not perform as represented.  The Product did not stay in place.

6.      Plaintiff purchased the Product for vacation and attempted to use them as directed.  However, despite repeated attempts to apply Cakes Covers as directed, Plaintiff found that they did not reliably grip as promised and would fall off with any sort of movement.

7.      Defendant's representations and warranties were part of the basis of the bargain, in that Plaintiff would not have purchased the Product on the same terms had she known the representations and warranties were not true concerning the capability of the Product.  In making her purchase, Plaintiff Vicente paid a price premium due to Defendant's false and misleading claims.  Accordingly, Plaintiff did not receive the benefit of her bargain.

8.      Cakes Body LLC is a California limited liability company with its principal place of business in Pacific Palisades, California.  At all relevant times, Defendant marketed, sold, and distributed its Product throughout California and the United States.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because there are more than 100 Class Members, the aggregate amount of all the Members of the proposed Class exceeds $5,000,000.00, exclusive of interest and costs, and at least one Member of the Nationwide Class is a citizen of a different state than Defendant.

10.      Defendant is an "unincorporated association" under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Defendant is therefore "a citizen of the State where it has its principal place of business [California] and the State under whose laws it is organized

[California]." *See* 28 U.S.C. § 1332(d)(1).  Thus, this Court has personal jurisdiction over Defendant.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this District is where a substantial part of the conduct giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

12.     Defendant's Product, Cakes Covers, are thin, "GRIPPY NOT STICKY" silicon nipple covers marketed as "washable and reusable"[5] and made from "100% medical-grade silicone"[6] which Defendant warrants will "adhere to your body using your natural body heat."[7]



☆ **Product Details**                                                    ^

**GRIPPY NOT STICKY** – CAKES are recommended under snug tops as we don't use any irritating adhesives to ensure super gentle coverage. CAKES gently grip the skin with your body's natural heat

GENTLE – We use 100% medical grade silicone & go through extensive skin safety and toxicity testing to ensure our girls (and their girls) have the most gentle coverage possible

SUPER SEAMLESS – Our wide range of size options, all with a super-
tapered edge, means no-show coverage

---

[5] Cakes Body, *Home*, *available* https://cakesbody.com/ (last visited July 10, 2024).
[6] *Id.*
[7] *Id.*

13.     Nipple covers, also known as pasties, are a type of adhesive bra that helps to conceal the nipples.  They are often used by women who want to avoid showing their nipples through tight or sheer clothing."[8]  Nipple covers are often use "in place of [a] bra, with tops and dresses that have tricky necklines, sheer fabrics or are backless."[9]  In fact, "[w]earing nipple covers on their own (in place of a bra) is probably the most common use case[.]"[10]

14.     Cakes Covers come in three sizes which in turn come in three colors each; however, Defendant's website and advertising treats them all as the same Product, like any product with size and color options.  Specifically, Cakes comes in Cakes OG, Cakes (+), and Cakes Itty Bitty, signaling size differences.  Regardless, each is made with the same "100% medical grade silicone" and accompanied by the same use instructions, "grippy" claims, and product details tab as in paragraph 9 above, on Defendant's website.  In fact, Defendant sells each size variation for the same $30.00-per-pair price.

15.     Accordingly, Defendant creates the impression that the Product functions as any reasonable consumer purchasing a nipple cover would expect: that it is capable of adhering directly to the breast and remaining in place.  In fact, Defendant's website and social media advertising is replete with images of the Product adhering to arms without any additional support:

---

[8] Shapeez, *What are Nipple Covers?* available https://shapeez.com/blogs/stacis-tips/what-are-nipple-covers (last visited July 10, 2024).

[9] Threads, *Nipple Covers: When to Use Them, How to Use Them, & Answering Your Commonly Asked Questions*, (June 19, 2023) *available* https://www.yourthreads.co/blogs/the-thread/nipple-covers-when-to-use-them-how-to-use-them-answering-your-commonly-asked-questions (last visited July 10, 2024).

[10] *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14




15      16.      Likewise, in Facebook advertisements[11], Defendant markets that the Product is a

16   "grippy-not-sticky no bra solution[]" and expressly refers to them as nipple covers:

17
18
19
20
21
22
23
24
25
26

27

28

[11] Meta, *Ad Details*, *Library ID: 1148488283187115*, published Mar. 7, 2024, available
https://www.facebook.com/ads/library/?active_status=all&ad_type=all&country=US&view_all_pa
ge_id=102384802341597&sort_data[direction]=desc&sort_data[mode]=relevancy_monthly_group
ed&search_type=page&media_type=all (last visited May 6, 2024).

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                        5
CASE NO. 3:24-CV-02797-VC



**CAKES body**
Sponsored

The sharks are loving our viral grippy-not-sticky no bra solutions. Meet Cakes - better washable & reusable nipple covers, designed by women for women.

CAKES are:
👐 2x the size of ordinary covers for super seamless coverage...



CAKESBODY.COM
$5 OFF + Free US Shipping

Shop Now

17.     From Defendant's own representations, not only Plaintiff but any reasonable consumer would (and in Plaintiff's case, did) understand the Product to be—and act—as nipple covers.  As shown by the consumer complaints below, the products are not bra alternatives, but rather are dependent on being held in place by additional fabric like a bra or swimsuit.

18.     Indeed, Defendant markets its Product as a more comfortable alternative to "[o]ther store's nipple covers [which] use harsh, irritating adhesive to make their product stick."[12] Defendant explains that its Product is "grippy, not sticky" by "using 100% medical grade silicone that grips to the skin using your natural body heat, and leave[s] no sticky residue behind."[13]  In fact, Defendant goes so far as to explain that its Product was "originally designed for times you may be sweating or in water, like the gym or at the pool[]" and promises consumers that it "will stay in place under *any* form fitting top!"[14]

---

[12] Cakes Body, *About*, *available* https://cakesbody.com/pages/about (last visited July 10, 2024).
[13] *Id.*
[14] Cakes body, *FAQs: Do CAKES Stay on Through Water and Sweat?*, *available* https://cakesbody.com/pages/faqs-1 (last visited  July 10, 2024) (emphasis added).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19.     To use, the consumer places "C[akes] directly on the skin under any snug-fitting top, and live[s] [her] life!"[15]  Unfortunately for consumers, Defendant's Product is not reliably grippy as evidenced by the ample number of consumer reviews showing that the Product does not reliably grip when used as directed, including reviews on Defendant's *own* website.[16]



Cynthia Rogers   Verified

They didn't stick for me. Disappointed

Renee Guilford

**Not happy.**

They don't really stick like advertised.
I will put them in my swimwear for the summer.



NDJ   Verified

**Good material, but does no stick to body well**

Not impressed. Actually very disappointed, thought it would really work as advertised.



Kim Brown   Verified

**I wanted to love this product**

They don't stick to my body like they are suppose to. Fall off unless wearing under a bra

---

[15] Cakes Body, *FAQs: How Do I Use Cakes?*, *available* https://cakesbody.com/pages/faqs-1 (last visited  July 10, 2024).

[16] Cakes Body, *Customer Reviews*, *available* https://cakesbody.com/products/cakes-all (last visited July 10, 2024).

20.     Likewise, scores of reviews on other sites echo similar experiences[17, 18]:

 **afrenchsoul** · 4mo ago

I recently bought these with the impression they could be used to go braless, but that's completely misleading. They have to be used under a tight fitting top to stay put, and from my pov, that defeats the purpose. I stopped wearing a bra due to a health condition that is aggrevated by tight fitting clothing, so these are a non-starter. I think the marketing needs to be more honest and transparent about what these are and what they are not.

 **Talkingdogstudio** · 9mo ago

Bought these. I washed and dried the entire coverage area of my skin thoroughly using different methods. Freshly opened nipple covers didn't stick for two minutes. Cleaned, rinsed and dried them to try again. Won't stick.

Now I put them on and use white medical tape to keep them on. Still better than a bra bc I don't wear tight clothing at all. Don't think the tape method would work for tight shirts. They're also better than the small adhesive nipple pasties bc the adhesive hurts when removed. At least these are large and the medical tape is nowhere near the nipple.

 **ParticularHornet7478** · 1y ago

I just received a pair. They will not stick to my skin. Followed directions, placed under tight bra or shirt. They stay in place for about two minutes, but if I move my arm or adjust my shirt, they fall down.

  7     Reply   ↑ Share   ···

 **TimelySolution3196** · 9mo ago

I just received mine. I'm so disappointed. They are not grippy at all.

---

[17] r/TheGirlSurvivalGuide, *Has Anyone Tried the Cakes Body Silicone Nipple Covers?*, REDDIT.COM, available https://www.reddit.com/r/TheGirlSurvivalGuide/comments/10jmt5v/has_anyone_tried_the_cakes_body_silicone_nipple/ (last visited May 6, 2024).

[18] r/TheGirlSurvivalGuide, *Cakes Body Covers Review*, REDDIT.COM, *available* https://www.reddit.com/r/TheGirlSurvivalGuide/comments/153iby0/cakes_body_covers_review/ (last visited May 6, 2024).

21.   Consumers have also published videos demonstrating the Product's shortcomings, even under tight-fitting tops as seen below:

  

 








22.     Despite the overwhelming publicly available reviews, Defendant continues to represent that its Product is a reliable nipple cover that a consumer can "use them 'till you lose them,"[19]  even though the Product does not reliably perform as advertised.

## CLASS ALLEGATIONS

23.     Plaintiff brings this matter on behalf of herself and all similarly situated individuals, defined as all natural persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased Cakes Body Covers (the "Nationwide Class").

24.     Excluded from the Class are: (1) persons who made such purchases for the purpose of resale; (2) any judicial officer presiding over this action and any members of their families; (3) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest and their current or former employees, officers, and directors; and (4) Plaintiff's counsel and Defendant's counsel.

25.     Plaintiff also seeks to represent a subclass consisting of Class Members who purchased the Product in California during the applicable statute of limitations period (the "California Subclass").

26.     As a result of additional information obtained through further investigation and discovery, the above-described Classes may be modified or narrowed as appropriate.

27.     **Numerosity.**  At this time, Plaintiff does not know the exact number of members of the aforementioned Classes.  However, given the nature of the claims, Plaintiff believes the Members of the Classes are so numerous that joinder of all members is impracticable.

28.     **Commonality and Predominance.**  There is a well-defined community of interest in the questions of law and facts involved in this case.  Questions of law and fact common to the Classes that predominate over questions that may affect individual Class Members include:

(a)     Whether the Product is capable of remaining on the breast regardless of sweat or movement;

---

[19] Cakes Body, Home: *Rinse & Reuse*, available https://cakesbody.com/?view=sl-8CCD0FBD (last accessed July 10, 2024)

(b)     Whether the Product is capable of remaining on the breast under any tight-fitting top;

(c)     Whether the Product is capable of remaining on the breast when no bra is worn;

(d)     Whether Defendant's representations and warranties are false;

(e)     Whether Plaintiff reasonably relied on Defendant's representations and warranties;

(f)     Whether Defendant's conduct violated state laws and the common law;

(g)     Whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiff and the members of the Classes;

(h)     Whether Plaintiff and the Class Members sustained damages as a result of Defendant's violations of state and common law.

29.     ***Typicality.***   The claims of the named Plaintiff are typical of the claims of the Class Members because Plaintiff, like the Class Members, purchased the Product from Defendant relying on Defendant's same representations and warranties made on its website and online that the Product is a nipple cover able to reliably grip to breasts regardless of sweat or movement under any tight-fitting top using body heat.

30.     ***Adequate Representation.***   Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Class Members she seeks to represent. Plaintiff has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.   The interests of the Class Members will be fairly and adequately protected by Plaintiff and her counsel.

31.     ***Superiority.***   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members.   Each individual Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.   Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential

1   for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

2   management difficulties and provides the benefits of single adjudication, economy of scale and

3   comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment

4   of the liability issue will ensure that all the claims and claimants are before this Court for consistent

5   adjudication of issues.

## CAUSES OF ACTION

### COUNT I
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**California Civil Code § 1750, *et seq.*,**
**(On Behalf of the Nationwide Class and California Subclass)**

10   32.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

11   33.   Plaintiff brings this claim individually and on behalf of the Classes against

12   Defendant.

13   34.   Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods … have …

14   characteristics … uses, [or] benefits … which they do not have[.]"

15   35.   Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a

16   particular standard, [or] quality … if they are of another."

17   36.   Civil Code § 1770(a)(9) prohibits "advertising goods … with intent not to sell them

18   as advertised."

19   37.   Defendant violated Civil Code §§ 1770(a)(5), (a)(7), and (a)(9) by holding out that

20   its Product was "grippy, not sticky" and could grip to breasts under any tight-fitting top regardless

21   of sweat or movement by merely using body heat, when the Product cannot reliably do so.

22   38.   Defendant conveyed to consumers like Plaintiff and the Class Members, that the

23   Product was a reliable alternative to similar products that "use harsh, irritating adhesives to make

24   their product stick."[20]  However, the Product is not a reliable alternative, capable of gripping to

25   breasts despite sweat or movement under any tight-fitting top whether or not a bra is worn.

26   39.   Defendant has exclusive and/or superior knowledge about the true capabilities of its

27

28   [20] Cakes Body, *About*, available https://cakesbody.com/pages/about (last visited Apr. 5, 2024).

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    13
CASE NO. 3:24-CV-02797-VC

Product.

40.     Defendant made, and continued to make, these representations and warranties to Plaintiff and the Class Members, despite having superior knowledge of the capabilities of its product and the numerous consumer complaints echoing as much, including complaints posted on Defendant's *own* website.  Accordingly, Defendant affirmatively misrepresented the true capabilities of the Product despite its knowledge that the Product was not as advertised.

41.     Plaintiff and the Class Members suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid money for the Product that they otherwise would not have incurred or paid had they known that Defendant's representations were untrue and the Product could not reliably perform as advertised.

42.     On April 9, 2024, prior to the filing of this complaint, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with California Civil Code § 1782(a).  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA with respect to its false and misleading representations and warranties, and demanded that Defendant cease and desist from such violations and make full restitution by refunding monies received therefrom.  The letter stated that it was sent on behalf of Plaintiff, and all similarly situated purchasers.

43.     Defendant failed to remedy the issues raised in the notice letter.

44.     Pursuant to Civ. Code § 1780, Plaintiff and the Classes seek: (a) actual damages in an amount to be determined at trial; (b) an order enjoining Defendant from continuing its violative acts and practices; (c) restitution of all money and property lost by Plaintiff and the members of the Classes as a result of Defendant's unlawful conduct; (d) punitive damages; (e) any other relief that the Court deems proper; and (f) attorneys' costs and fees.

### COUNT II
**Violation of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of the Nationwide Class and California Subclass)**

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     Plaintiff brings this claim individually and on behalf of the Classes against Defendant.

47.     California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice."  For the reasons discussed above, Defendant has engaged unlawful, unfair, and fraudulent business acts or practices in violation of California Business and Professions Code § 17200.

48.     Defendant has violated the UCL by engaging in **unlawful business practices** by violating the CLRA, Cal. Civ. Code §§1770(a)(5), (a)(7), and (a)(9), by violating California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.,* and by violating the common law by, *inter alia*, making false representations and warranties concerning the quality and capability of the Product and retaining the unlawfully obtained benefit therefrom.  Plaintiff reserves the right to allege additional violations of law which constitute other unlawful business acts or practices.

49.     Defendant has also violated the UCL's prohibition on **unfair business practices** because its conduct is substantially injuries to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

50.     There were reasonably available alternatives to further Defendant's legitimate business interest other than by engaging in the conduct described above.

51.     Defendant has further violated the UCL's prohibition on **fraudulent business practices** by making knowingly, or that which Defendant reasonably should know, false and misleading representations and warranties about its Product which were likely to deceive the consuming public within the meaning of Bus. & Prof. Code § 17200.

52.     Plaintiff and the Class Members suffered a substantial injury by virtue of buying the Product they would not have purchased absent Defendant's unlawful, unfair, and fraudulent marketing and advertising about the capability of its Product.

53.     There is no benefit to consumers or competition from its marketing claiming that the Product was reliably capable of performing in a manner it could not.

54.     Plaintiff and the Class Members had no way of reasonably knowing that the Product they purchased was not marketed, packaged, or labeled accurately.  Thus, they could not have reasonably avoided the injury each of them suffered.

55.     The gravity of the consequences of Defendant's conduct as described outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace.  Such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the Class Members.

56.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Classes seek an order of this Corut that includes, but is not limited to, requiring Defendant to (a) provide restitution to Plaintiff and the Members of the Classes; (b) disgorge all revenues obtained as a result of the violation of the UCL; and (c) pay Plaintiff's attorneys' fees and costs.

### COUNT III
**Violation of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(On Behalf of the Nationwide Class and California Subclass)**

57.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.     Plaintiff brings this claim on behalf of herself and the Classes against Defendant.

59.     Defendant's acts and practices, as described above, have deceived and are likely to continue to deceive Class Members and the public.  As described throughout this Complaint, Defendant misrepresented the Product as being as an adhesive-free bra alternative, capable of adhering to breasts under any tight-fitting top regardless of sweat or movement, merely using body heat when, in fact, the Product is not reliably capable of adhering to breasts in its advertised capacity.

60.     By its actions, Defendant disseminated uniform advertising regarding the Product to and across California and the United States.  The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code § 17500, *et seq.* Such advertisements were intended to—and likely did—deceive the consuming public.

61.     The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant failed to disclose that the Product was not capable of performing as Defendant claimed.

62.     Defendant, nonetheless, continues to represent otherwise to consumers.

63.     In making and disseminating these statements, Defendant knew, or reasonably should have known, that its advertisements were untrue and misleading in violation of California law.  Plaintiff and the Class Members based their purchasing decision on Defendant's omission about the true capability of its Product.  Plaintiff and the Class Members were injured in fact and lost money and property as a result.

64.     The Misrepresentations by Defendant about the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code § 17500, *et seq.*

65.     As a result of Defendant's wrongful conduct, Plaintiff and the Class Members lost money in an amount to be proven at trial.  Plaintiff and the Class Members are therefore entitled to restitution as appropriate for this cause of action.

66.     Plaintiff and the Classes therefore seek (1) all monetary and non-monetary relief allowed by law, including restation of all profits stemming from Defendant's unfair, deceptive, and untrue business practices; (2) declaratory relief; (3) reasonable attorneys' fees and costs under California Code Civ. Proc. § 1021.5; (4) injunctive relief; and (5) other equitable relief as the Court deems appropriate.

**<u>COUNT IV</u>**
**Breach of Express Warranty**
**(On Behalf of the Nationwide Class)**

67.     Plaintiff herein incorporates the foregoing allegations as if fully set forth herein.

68.     Plaintiff brings this claim individually and on behalf of the Members of the Nationwide Class against Defendant.

69.     Plaintiff brings this claim under the laws of the State of California.

70.     As a designer, manufacturer, marketer, distributor and/or seller of the Product, Defendant issued an express warranty by representing to consumers that the Product was capable of reliably gripping directly to the consumer's breast under any tight-fitting top.

71.     Defendant's representations were part of the basis of the bargain upon which the goods were offered for sale and purchased by Plaintiff and the Class Members who reasonably relied on those representations.

72.     As a direct and proximate results of Defendant's breach, Plaintiff and the Class Members were injured because they: (1) paid money for the Product that was not as Defendant represented; (2) were deprived of the benefit of the bargain because the Product they purchased was different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Product they purchased had less value than Defendant represented.  Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and the Class Members would not have purchased the Product or would not have paid as much as they did for them.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant as follows:

(a)     For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Classes, and Plaintiff's attorneys as Counsel for the Classes;

(b)     For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(c)     For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper;

1

       (h)     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

2

3

### **<u>JURY TRIAL DEMANDED</u>**

4

    Plaintiff demands a trial by jury on all claims so triable.

5

Dated:  July 15, 2024                **BURSOR & FISHER, P.A**.

6

                                   By:    */s/ L. Timothy Fisher*
                                          L. Timothy Fisher

7

8

                                L. Timothy Fisher (State Bar No. 191626)
                                Emily A. Horne (State Bar No. 347723)

9

                                Joshua B. Glatt (State Bar No. 354064)
                                1990 North California Blvd., 9th Floor

10

                                Walnut Creek, CA 94596
                                Telephone: (925) 300-4455

11

                                Facsimile:  (925) 407-2700
                                E-mail: ltfisher@bursor.com

12

                                              ehorne@bursor.com
                                              jglatt@bursor.com

13

                                *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CLRA Venue Declaration Pursuant to California Civil Code § 1780(d)

2   I, L. Timothy Fisher, declare as follows:

3          1.       I am an attorney at law licensed to practice in the State of California and a member

4   of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff.

5   Plaintiff Lily Ann Vicente resides in Brentwood, California.  I have personal knowledge of the

6   facts set forth in this declaration and if called as a witness, I could and would completely testify

7   thereto under oath.

8          2.       The complaint filed in this action is filed in the proper place for trial under Civil

9   Code § 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the

10  City and County of San Francisco, as Plaintiff purchased the Product from her previous home in

11  San Francisco.  Additionally, Defendant advertised, marketed, manufactured, distributed and/or

12  sold the Product at issue to Class Members in this County.

13         3.       I declare under penalty of perjury under the laws of the State of California and the

14  United States that the foregoing is true and correct, and that this declaration was executed at

15  Walnut Creek, California this July 15, 2024.

16

17                                               */s/ L. Timothy Fisher*
                                                 L. Timothy Fisher
18

19

20

21

22

23

24

25

26

27

28