UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY ANN VICENTE,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAKES BODY, LLC,<br><br>                    Defendant. | Case No.  24-cv-02797-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND/OR STRIKE**<br><br>Re: Dkt. No. 26 |

The motion is granted as to Vicente's demand for punitive damages and denied in all other respects. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

1. Cakes Body's request for judicial notice is granted as to the existence of the website pages and the video transcript. *See Aubrey v. New School*, 624 F. Supp. 3d 403, 408 (S.D.N.Y. 2022). But while judicial notice can properly be taken of these exhibits' existence, it cannot be taken of their truth—including of the truth of the statement that Cakes Body tells customers to wear the covers with a tight-fitting top "everywhere" it talks about them—or to show what disclaimers Vicente might have seen.

2. Vicente has sufficiently alleged that the representations she saw—statements that Cakes Covers are "grippy, not sticky" and pictures of the covers adhering to users' arms—are misleading, so she has stated a claim on her fraud-based claims. It's true that grippiness might not be as easily measured as a product's length or weight. But the UCL, FAL, and CLRA prohibit not only statements that are literally false, but also statements that have a "capacity, likelihood, or tendency to deceive." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Grippy" is concrete enough, especially when considered in context, to plausibly give

reasonable consumers an expectation that the covers won't "fall off with any sort of movement," as Vicente alleges they did. Moreover, "grippy" is not a general statement like "of the highest quality," but an alleged "misdescription" of a "specific" characteristic of a product. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997). So the fact that there may not be a cut-and-dried threshold at which something becomes "grippy" but not "sticky" does not mean that Cakes Body's statements are just puffery or that Vicente has failed to state a claim. And the complaint includes sufficient detail to put Cakes Body on notice of what is allegedly misleading about these statements and why they are misleading, and has therefore satisfied Rule 9(b). *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019–20 (9th Cir. 2020).

Nor do Cakes Body's purported instructions to wear the covers under a tight-fitted top defeat Vicente's fraud claims. For one thing, Cakes Body's statement that it "always recommends" wearing the covers under a tight top contradicts the allegations in the complaint, which includes screenshots of social media advertisements that do not appear to include that instruction. So as noted above, it can't be taken as true that this guidance *always* accompanies the alleged misrepresentations. Even if it could, that wouldn't mean that the complaint hasn't plausibly alleged that the representations about the covers' grippiness were misleading. Reasonable consumers are not expected to look beyond misleading representations "on the front of the box" to learn the truth from disclaimers in fine print. *Id.* at 939. Given that it's not clear how prominent Cakes Body's disclaimer is, it wouldn't necessarily dispel any possible confusion created by the "grippy not sticky" representation or the image of the cover sticking to someone's arm without being covered by anything (let alone a tight top). Additionally, the complaint says that Vicente used the covers "as directed," and includes allegations that they don't adhere "even under tight-fitting tops." So even if the disclaimer were sufficient to tell a reasonable consumer that the covers will only adhere under a snug top, Vicente has still plausibly alleged that Cakes Body's representations are misleading by claiming that the covers don't stick even when worn that way.

3. Because "grippy not sticky" is not mere puffery, Vicente has stated a claim for breach of express warranty. And because her fraud claims survive, Vicente's UCL unfair- and unlawful-prong claims survive too.

4. Cakes Body is correct that Vicente cannot challenge statements or representations that she never saw. *See Ham v. Hain Celestial Group*, 70 F. Supp. 3d 1188, 1197 (N.D. Cal. 2014); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1014 (N.D. Cal. 2014). But as discussed, she has stated a claim as to the representations that she did see, and the extent to which she can represent a class of purchasers who saw other, similar representations can be adjudicated at the class certification stage. Because it is not clear that the other statements "could have no possible bearing on the subject matter of the litigation," and they are not "unduly prejudicial to the defendant," the motion to strike them is denied. *LeDuc v. Kentucky Century Life Insurance Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Similarly, Vicente can bring claims on behalf of absent class members who purchased different products than she did as long as those products are substantially similar and were the subject of similar alleged misrepresentations. *See Garrison v. Whole Foods Market Group, Inc.*, 2014 WL 2451290, at *4–5 (N.D. Cal. June 2, 2014). At this point in the litigation, it does not appear that the different sizes are too dissimilar for Vicente's claims to proceed. Any further questions of Vicente's adequacy or the typicality of her claims "are more properly considered at the class certification stage." *Id.* at 5.

5. Because Vicente has shown that California law can constitutionally apply to the claims in this case, and Cakes Body has not met its burden of showing that other states' laws differ materially from California's, the request to strike the nationwide class allegations is denied. Nevertheless, it is difficult to imagine that this case will be able to proceed as a nationwide class action. At the initial case management conference, the parties are free to propose ways to address this issue early and minimize unnecessary litigation costs.

6. Because Vincente concedes her request for punitive damages, it is stricken.

\* \* \*

3

A case management conference is scheduled for October 25, 2024. Discovery cannot proceed until then.

**IT IS SO ORDERED.**

Dated: October 2, 2024

VINCE CHHABRIA
United States District Judge